UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TRUSTEES OF THE IRON WORKERS LOCAL UNION 17 PENSION FUND, *et al.*, | CASE NO. 1:18-cv-2737 |
| Plaintiff, | OPINION & ORDER [Resolving Docs. 21 & 24] |
| v. | |
| 21ST CENTURY CONCRETE CONSTRUCTION INC., | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this long-running employee benefits case, the Court **GRANTS** Plaintiffs' default judgment motion.

### I. Background

This case concerns unpaid employee benefits. Defendant 21st Century Concrete Construction Inc. ("21st Century") agreed to make certain benefit fund contributions for its employees.[1] Plaintiffs, the trustees for those funds, claim that 21st Century missed payments.[2]

In 2018 and 2019, in addition to this case, 21st Century's payment problems gave rise to other Northern District of Ohio lawsuits.[3] In one of the other cases, District Judge

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 23 at 2 n.9 (collecting cases).

Case No. 1:18-cv-2737
GWIN, J.

Christopher A. Boyko placed 21st Century into a receivership and enjoined creditors from pursuing actions against 21st Century.[4]

After that, this Court denied Plaintiffs' default judgment motion without prejudice and stayed the case until Judge Boyko lifted the injunction.[5]

Last month, Judge Boyko partially lifted the stay of litigation against 21st Century Concrete "for the limited purpose of pursuing litigation in [Plaintiffs'] cause of action against Defendant 21st Century Concrete Construction, Inc."[6]

Plaintiffs then filed updated damages affidavits.[7] The 21st Century receiver stipulated that Plaintiffs' "quantification of damages [were] supported by the updated sworn statements."[8]

## II. Legal Standard

Federal Rule of Civil Procedure 55 governs default and default judgment. The Court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."[9] The Court may rely on affidavits to calculate damages.[10]

## III. Discussion

The Employee Retirement Income Security Act ("ERISA") provides that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and

---

[4] Order Appointing Receiver, *Local 310 Trustees of the Building Laborers Pension Fund v. 21st Century Concrete Constr., Inc.*, 1:19-cv-764, ECF No. 10 (N.D. Ohio May 17, 2019).
[5] Doc. 23 at 2. 21st Century has not been represented by counsel since its counsel withdrew in 2019. *Id.* at 1.
[6] Order Partially Lifting Stay, *Local 310*, 1:19-cv-764, ECF No. 131 (N.D. Ohio Feb. 11, 2022).
[7] Doc. 24-1.
[8] Doc. 24.
[9] *Thomas v. GC Restaurants, LLC*, 3:20-cv-300, 2021 WL 4147818, at *2 (S.D. Ohio Sept. 13, 2021) (quotation marks omitted).
[10] *Harrington v. Plehn-Dujowich*, 1:21-cv-00960-PAB, 2022 WL 462815, at *3 (N.D. Ohio Feb. 15, 2022).

Case No. 1:18-cv-2737
GWIN, J.

conditions of such plan or agreement."[11] In the event an employer fails to timely make contributions to the Funds, both the CBA[12] and the ERISA civil enforcement provision[13] mandate the assessment of delinquency assessments, interest, attorneys' fees and costs.

For the months of August 2018 through December 2018, 21st Century's employees performed work for which 21st Century owed contributions.[14] In August and September, 21st Century paid late.[15] In October, November, and December, 21st Century did not pay at all.[16]

Plaintiffs' alleged damages include delinquency assessments and interest for the late and unpaid amounts.[17] Plaintiffs also allege $11,779.35 in attorneys' fees and costs.[18]

Finding that Plaintiffs have proved damages to a reasonable certainty, the Court enters judgement for Plaintiffs and against Defendant for $104,040.55, of which $57,203.74 (the principal unpaid contribution amount) shall accumulate post-judgment interest at the rate of 12% per annum.[19]

Plaintiff's ability to enforce this judgment shall be subject to Judge Boyko's above-mentioned May 17, 2019 Order, while that Order remains in effect.

IT IS SO ORDERED.

Dated: March 9, 2022                    s/   James S. Gwin
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[11] 29 U.S.C. § 1145.
[12] Doc. 1-1.
[13] 29 U.S.C. § 1132(g).
[14] Doc. 21 at 2–3.
[15] *Id.* at 3.
[16] *Id.*
[17] Doc. 24.
[18] *Id.*
[19] *Id.*